IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER TAHCHAWWICKAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-585-SLP |
| | ) | |
| CARRIE BRIDGES,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state court conviction in Case No. CF-2021-1472, District Court of Cleveland County, State of Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation [Doc. No. 4] on July 26, 2022, in which she recommended dismissing the Petition on the grounds that Petitioner failed to exhaust state court remedies.

Petitioner has filed an objection to the R. & R. *See* [Doc. No. 5]. The Court, therefore, must make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Petitioner is incarcerated at James Crabtree Correctional Center ("JCCC"). He originally named Scott Crow, Director of the Oklahoma Department of Corrections, and Oklahoma Attorney General John O'Connor as Respondents. [Doc. No. 1] at 1. Carrie Bridges is now the warden of JCCC, so the Court substitutes her as the proper party. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, Petitioner makes no *specific* objections to the R. & R. Instead, he reiterates the arguments that Judge Mitchell determined were unexhausted and includes additional boilerplate arguments not raised in the Petition.[2] At no point does Petitioner challenge or even address Judge Mitchell's conclusion that he failed to exhaust his state court remedies. Accordingly, the Court finds that Petitioner has waived his objection. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." (emphasis added)).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 4] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial

---

[2] He expounds upon the unexhausted claim raised in his § 2254 petition, contending the state court lacked jurisdiction because the judge and attorneys involved in his conviction were not "licensed in 'Indian-Law.'" [Doc. No. 5] at 5 (underlines and brackets omitted). He also argues the state committed a *Brady* violation for failing to disclose this purported licensing issue. *Id.* at 9–10. The Court declines to consider this argument, which was not included in the § 2254 petition. *See Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) ("[A]rguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived.").

showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination regarding the failure to exhaust state court remedies. The Court therefore denies a COA.

IT IS SO ORDERED this 29th day of September, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE